### JOSEPH PETRUCIO V. FRANK SEARDON.

#### No. 2680.

**Final Judgment.**—A judgment which on its face purports to have been rendered on a trial upon the merits can not at a subsequent term be affected by parol evidence showing that it was not after trial on the merits, but was entered by consent. If the judgment declared the respective interests of the parties to the suit in land and decreed its partition, it was the duty of the court to act on it as a conclusive ascertainment of the rights of the parties, and to effect partition as required by the judgment.

ERROR from Matagorda. Tried below before Hon. I. N. Dennis, Special District Judge.

This is an appeal from a judgment or decree rendered December 7, 1888, confirming a report of commissioners of partition. The original decree of partition adjusting the rights of the parties was rendered June, 1887.

Commissioners appointed under the decree made their report December, 1887. (Outline of the report appears in opinion.)

At that term, on objections of Petrucio, the defendant, the report was set aside and rejected.

December, 1888, Petrucio applied for the appointment of new commissioners.   December 8 plaintiffs filed their motion to confirm the report which had been returned and rejected at a former term of the court.

It appears that the report which was rejected in material things had failed to conform to the decree.

The motion of the plaintiff to reinstate and to confirm the report of the commissioners was granted and the report approved.   From this. action the defendant appealed.

The defendant, among other things, insisted that the court could not. set aside the order of the court at its former term rejecting the action of the commissioners.

*George W. & F. J. Duff,* for plaintiff in error.

*Walter L. Wilson* and *W. S. Brooks,* for defendant in error.

ACKER, PRESIDING JUDGE. — Frank Seardon brought suit against. Joseph Petrucio in trespass to try title to two particular tracts of land, one of three hundred acres and the other of fifteen acres, parts of the north one-third of the north one-third of the G. W. Dempsey headright. league survey, setting out the boundaries of each tract.   On the same day D. E. E. Braman and W. C. Braman brought suit against Joseph Petrucio in trespass to try title to a particular tract of one hundred and sixty-one acres of land, also part of the north one-third of the north one-third of the G. W. Dempsey headright league survey, setting out the boundaries of the one hundred and sixty-one acres sued for.   On June 8, 1887, the defendant Petrucio filed a motion to consolidate the two suits, averring that he and the plaintiffs in the two suits owned the north one-third of the Dempsey league in undivided interests, that all parties desired partition, and that it was necessary to consolidate the suits in order to legally effect such partition.   There was no objection to the motion, and the order of consolidation was entered, reciting that the parties to both suits. owned undivided interests instead of specific parts of the third of the league.   On the 9th day of June, 1887, the defendant filed an amended answer in the consolidated suit, alleging that he owned an undivided interest of 1348 acres, and that the remaining undivided interest in the third of the league was owned jointly by plaintiffs.

On the same day judgment was rendered, reciting that all parties appeared and announced ready for trial; no jury was demanded, "and the· court having heard the evidence and argument of counsel, and being duly· advised, is of the opinion that the 1428 acres of land is owned by the· plaintiffs and defendant in the following proportions:   D. E. E. Braman and W. C. Braman own together an undivided interest therein of 42 acres;· Frank Seardon owns an undivided interest of 315 acres, and the defendant,

Joseph Petrucio owns an undivided interest of 1071 acres; that the interests of the parties be fixed and established accordingly, and that partition be made;" appointing commissioners who were "instructed to so divide the land as to give to each party the land upon which their improvements are situated."

On the 6th day of December, 1887, the commissioners filed their report of partition, showing that they had set apart to Frank Seardon 315 acres on the north side of the survey, extending from east to west the length of the league survey; that they had set apart to the Bramans 56 acres just south of and adjoining the Seardon tract, 34 varas wide and extending 9366 varas east and west the length of the league survey; that they had set apart to defendant Petrucio 22 acres just south of and adjoining the north boundary line of the league survey, making a notch in the north side of the Seardon tract 120 varas north and south and 1040 varas east and west, and also to defendant Petrucio 1092 acres south of and adjoining the 56 acres set apart to the Bramans.

The report of the commissioners was approved and confirmed the day after it was filed, but the decree of confirmation was set aside on motion of defendant during the term at which it was entered, and the report rejected.

On the 4th day of December, 1888, the defendant filed a motion asking that other commissioners be appointed to make the partition in accordance with the judgment entered at the June Term, 1887.

On the 7th day of December, 1888, plaintiffs filed a motion alleging that they and defendant did not in fact own undivided interests in the land, but that each owned certain interests in severalty as set forth in their original petitions; that the judgment rendered at the June Term, 1887, establishing their interests as undivided and directing partition, as well as the partition made and reported by the commissioners, was in accordance with a compromise agreement entered into between them and defendant's attorney, of which defendant was fully advised; prayer that defendant's motion to reappoint commissioners be not granted; that proof be heard; that the action had on the report of the commissioners heretofore appointed be revoked, and that said report be in all things confirmed; but in the event that said report be not approved, then that all proceedings had by virtue of said compromise be set aside, and especially that the judgment rendered at the June Term, 1887, be set aside and their suits reinstated.

On the 7th day of December, 1888, defendant filed exceptions to plaintiff's motion, upon the grounds that it was not alleged that defendant's counsel had authority to make the compromise; that the compromise agreement is not averred to have been in writing; and because the judgment of June 9, 1887, is a final judgment fixing the rights of the parties, and

the court has no jurisdiction to set said judgment aside at a subsequent term.

On the 8th day of December, 1888, the defendant's motion to reappoint commissioners to make the partition was overruled, and on the same day the court rendered judgment, reciting that "this cause was called for trial and the parties all appeared by their attorneys and announced ready for trial, a jury being waived, and the court having heard the evidence and argument of counsel, approves and confirms the report of the commissioners of partition," from which this writ of error is prosecuted.

It seems too clear to justify discussion of the various assignments that the judgment is erroneous and must be reversed.

The judgment of June 9, 1887, adjudicating the rights of the parties and directing partition appears to have been rendered on a trial upon the merits, and being a final judgment is conclusive of the questions determined by it. The court had no power to inquire at a subsequent term as to how it was rendered, whether by agreement or upon a trial. There was nothing in it indicating that it was a consent decree, and parol evidence was not admissible to show that it was such, and not in fact what it purported to be, a decree rendered on a trial upon the merits.

The decree of partition being in full force, nothing remained for the court to do but to give it effect by having the partition made in conformity with the directions given in the decree.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 25, 1890.