GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY CO. v.
JOSEPH J. SWEENEY.

Delivered June 27, 1896.

**1. Negligence—Proximate and Concurring Causes.**

A railway train moving on a down grade parted on account of a defective coupling, the rear cars dropping back, and the engineer thereupon stopped the train, contrary to the rules of the company in such cases, and without the exercise of proper care, and then, on the approach of the rear section, suddenly started the engine, without removing the brakes, and thus caused a second break in the train. Plaintiff, the conductor, was injured in a collision between the rear and middle sections. Held, that the separation of the rear cars because of the defective coupling was a proximate cause of the injury, concurring with the negligence of the engineer, and it would have been improper for the charge of the court to have assumed that the negligence of the engineer was the sole proximate cause of the injury.

**2. Master and Servant—Contributory Negligence of Fellow Servants.**

Where the negligence of the master and of plaintiff's fellow servants were concurring causes of plaintiff's injury, and together were the direct cause thereof, if plaintiff did not contribute thereto by his own negligence, the master is liable.

**3. Same—Negligence a Question for the Jury.**

Whether in any given case the act charged was negligent, and whether the injury suffered was within the relation of cause and effect, legally attributable to it, are questions for the jury.

**4. Same—Contributory Negligence of Fellow Servant no Bar to Recovery.**

Where the contributory negligence is that of a fellow servant, whether such negligence arose out of the violation of the rules of the master or otherwise, it is not a defense, if there be concurring negligence of the master.

**5. Same—Rules of Master—Only Ordinary Care Required.**

Where a rule of the company requires the conductor to see that the brakemen perform their duties, his failure to do so is not negligence per se, since the law requires in such case only that he shall use ordinary care to see that such duties are performed.

**6. Same—Negligence per se.**

It is only where the act is contrary to a statute, except in rare cases, that the court is warranted in saying that the violation of a rule of the master by the servant constitutes negligence per se.

APPEAL from Medina. Tried below before Hon. EUGENE ARCHER.

*Upson, Bergstrom & Newton,* for appellant.—1. A person cannot recover damages for injuries sustained which are proximately caused by the negligence of a fellow servant, and this without regard to the degree of care exercised by the fellow servant causing the injury. Insurance Co. v. Tweed, 7 Wall., 52; Railway v. Kellogg, 94 U. S., 469; Railway v. Sweeney, 6 Texas Civ. App., 178; Gonzales v. City of Galveston, 84 Texas, 7; Rose v. Railway, 17 S. W. Rep., 789; Seall v. Railway, 65 Texas, 274.

2. There being evidence that the plaintiff was guilty of negligence in not being in the cupola of the caboose, the court should have submitted to the jury in connection with this section of the charge, the question as to whether such negligence concurred in producing the injury. Railway v. Threatt, 34 S. W. Rep., 152.

3. The rule required plaintiff to see that the brakeman was in the performance of his duty, and a violation of such rule was negligence on the part of the plaintiff which would prevent his recovery; and the court erred in directing the jury that a violation of the rules on the part of the plaintiff would not prevent his recovery, unless he was in some manner guilty of negligence in connection therewith. The court should have charged that if plaintiff was injured by reason of his violation of one of the rules of the defendant company, that then he could not recover whether he was negligent or not, the violation of such rule being itself negligence. Railway v. Wallace, 76 Texas, 639.

4. If the rear brakeman, J. F. Crawford, was not in the cupola at the time of leaving Dunlay station immediately prior to the accident and the failure to be at such post contributed to plaintiff's injury, the verdict should have been for defendant, even though the defendant was also guilty of negligence in furnishing a defective draw-head which also contributed to such injury. Railway v. Wallace, 76 Texas, 639; Pilkinton v. Railway, 70 Texas, 226; Railway v. Bell, 5 Texas Civ. App., 29.

*Perry J. Lewis* and *W. N. Parks*, for appellee.—1. Under the pleadings and the evidence, the rear brakeman, Crawford, was a fellow servant with plaintiff, and his negligence would be that of a fellow servant, and the court properly charged the jury that if such negligence was the proximate cause of the injury plaintiff could not recover; and if it was a concurring cause with the negligence of the defendant, defendant would be liable. Railway v. Sweeney, 6 Texas Civ. App., 173; Railway v. McClain, 80 Texas, 85-96.

2. The court did not err in refusing to give the second special charge requested by defendant because the said charge is manifestly upon the weight of evidence, and charges that certain acts on the part of the brakeman Crawford would preclude plaintiff from recovering, whether such acts constituted negligence or not; and said charge is not applicable to the facts of the case and does not correctly state any rule of law, and is a denial of the principle that if the negligence of the master and of a fellow servant concur in causing an injury, the master is liable. Railway v. Thompson, 2 Texas Civ. App., 170, 174; Railway v. John, 29 S. W. Rep., 558; Railway v. Roberts, 2 Texas Civ. App., 111-113; Railway v. Murphy, 46 Texas, 356; Receiver v. Parker, 80 Texas, 572; Railway v. Garteiser, 2 Texas Civ. App., 230-235.

3. The court cannot charge the jury that certain specific acts constitute negligence per se, unless such acts are made so by legislation, and therefore the court in giving charge No. 1 asked by plaintiff properly submitted the issue of negligence to the jury. Railway v. Thompson, 2 Texas Civ. App., 170-174; Railway v. John, 29 S. W. Rep., 558; Railway v. Garteiser, 2 Texas Civ. App., 230-235; Railway v. Lamothe, 76 Texas, 219; Railway v. Murphy, 46 Texas, 356; Receiver v. Parker, 80 Texas, 572.

4. The court did not err in the eighth paragraph of its charge in sub-

mitting to the jury the issue of defendant's negligence being a concurring cause with the negligence of plaintiff's fellow servants. The facts clearly required the submission of this issue. Railway v. Sweeney, 6 Texas Civ. App., 173; Railway v. McClain, 80 Texas, 85-96; Railway v. Croskell, 6 Texas Civ. App., 160-170; Railway v. Callaghan, 56 Fed. Rep., 989; Cowan v. Railway, 80 Wis., 284; 50 N. W. Rep., 180; Johnson v. Tel. Exchg. Co., 48 Minn., 433; 51 N. W. Rep., 225; Atkinson v. Transp. Co., 60 Wis., 141; 18 N. W. Rep., 764; Bailey on Master's Liability, 420, 433; McKinney on Fellow Servants, 34; Railway v. Kellogg, 94 U. S., 469; Hayes v. Railway, 111 U. S., 228-241.

5. It is apparent from the evidence that the verdict is not excessive, and there is nothing to show that it is the result of passion or prejudice. Railway v. Cooper, 2 Texas Civ. App., 42; City v. Devlin, 34 Texas, 319-326; Railway v. Johnson, 76 Texas, 436; Railway v. Lane, 79 Texas, 648; Railway v. Brazzil, 78 Texas, 314.

### ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—The opinion delivered by us in connection with our judgment of affirmance is not deemed complete, and will be withdrawn and this opinion substitued in its place. The affirmance is adhered to for the reasons given herein, upon consideration of the appellant's brief and motion for rehearing.

The action is for damages for personal injuries. Plaintiff was appellant's conductor on a freight train going west from San Antonio. On leaving Dunlay Station on a down grade the train parted, leaving the caboose and two loaded flat cars behind. Some distance further on, the train parted again between the second and third cars from the engine, and the collision occurred by the rear section running into the middle one. The conductor, being at the time in the caboose, was injured. Verdict for $15,000.

*Conclusions of Fact.*—The testimony authorized the following findings:

1. That the coupling at the place where the first break occurred was defective, through negligence of defendant.

2. That there was no negligence on the part of plaintiff's fellow servants.

3. That if the jury had concluded there was negligence on the part of plaintiff's fellow servants contributory to or causing the collision, it was admissible for them to find that defendant's negligence concurred with that of the fellow servants in causing the accident.

4. That there was no contributory negligence on the part of plaintiff.

5. We conclude, further, that the verdict was not excessive.

*Opinion.*—The accident occurred before the recent act relating to fellow servants. All the assignments but one refer to the charges. The

other assignment is, that the verdict is not sustained by the evidence. The conclusions of fact dispose of this assignment.

The issues were, the contributory negligence of plaintiff, the negligence of the engineer and brakeman, plaintiff's fellow servants, a prominent contention being that the negligence of the engineer was an independent and the proximate and sole cause of the injury, the defect in the coupling where the break first occurred being, it is claimed, too remote a cause to be responsible in any way for the collision.

The court gave the following charge: "If, however, you believe from the evidence that the defendant was guilty of negligence under the charges given you, and if you also believe from the evidence that the fellow servants of plaintiff were also guilty of negligence, and if you further believe from the evidence. that such negligence, if any, of the defendant and plaintiff's fellow servants were concurring causes of plaintiff's injuries, and together were the direct cause of plaintiff's injuries, and that plaintiff did not contribute to his injuries, then the defendant would be liable, and you will find a verdict for the plaintiff." The proposition embodied in this charge is a correct one, but it is strenuously insisted that the testimony did not warrant the submission of the issue of concurring causes.    There was evidence to show that after the train broke the first time, the engineer stopped the engine as he should not have done in the exercise of proper care, and was further negligent, when the rear section was approaching, in starting the engine in such manner as to cause the second breaking.

Such act of the engineer would have been the immediate cause of the collision, or the cause most nearly related to the accident, but this is not the test of what is an intervening independent cause, and not even the test of what is proximate cause.    Gonzales v. Galveston, 84 Texas, 7.    It seems to us that any cause which may be legally considered a proximate cause of an injury, must, if other causes existed, be regarded as concurring with these causes to produce the accident, in the sense in which that term is used in the charge.

In Lane v. Atlantic Works, 111 Mass., 139, it is stated that, "The act of a third person intervening and contributing a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer, if such act ought to have been foreseen.    The original negligence still remains a culpable and direct cause of the injury.    The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.    Whether in any given cause the act charged was negligent, and whether the injury suffered was within the relation of cause and effect legally attributable to it, are questions for the jury. Railway v. Mussette, 86 Texas, 719, and cases cited.

It was an event that might be anticipated from the breaking of a train on a down grade, that a collision would take place.    The company had provided rules to govern the conduct of employes in such a contingency, thereby evidencing its knowledge that accidents such as

this would naturally occur from the separation of its cars. Suppose there had been no second breaking, and through the negligence of the engineer in not keeping the forward part of the train in motion, or in stopping, or his other negligence, the collision had occurred, would it as a matter of law be contended under the rule above stated that the original negligence of the company would not be a proximate cause? We think not. The result must be the same, whatever form the engineer's negligence may have taken.

In order for the negligent act of a fellow servant to constitute a defense, it must be unmixed with negligence of the master. There was negligence on the part of the defendant in the separation of the rear cars by means of improper coupling, causing them to move down the grade. This act continued until the collision took place and was one of its active causes. The presence of such cause throughout the occurrence emanating from the master, would be sufficient to destroy the defense of fellow servant. The court should not have assumed to say that from the evidence the negligence of the fellow servant was the sole proximate cause of the injury, as is virtually contended. The charge was not erroneous.

Defendant asked the following charge, which was refused: "You are further charged that under the rules of the company the conductor of the train has charge and control of the train, and must see that brakemen perform their duties, and that it was the duty of the rear brakeman to be in the cupola of the caboose. Therefore, if you believe from the evidence that the rear brakeman, J. F. Crawford, was not in the cupola at the time of leaving Dunlay station immediately prior to the accident, and that the failure to be at such post contributed to plaintiff's injury, then you will find for defendant; and you must under such circumstances find for defendant even though you find from the evidence that defendant was also guilty of negligence in furnishing a defective drawhead which also contributed to the injury."

The charge does not state the law. We recognize the rule which bars a servant from recovery of damages which are caused or contributed to by his violation of the rules of the master. Railway v. Wallace, 76 Texas, 639; Pilkinton v. Railway, 70 Texas, 229. This rule of law, it seems to us, relates only to contributory negligence of the plaintiff. It is immaterial on such issue how negligent the master may have been, for contributory negligence is not excused because the master's negligence may have concurred. Where, however, the negligence is that of a fellow servant, whether such negligence grows out of a violation of rules or otherwise, it is not a defense if there be concurring negligence of the master. So far as the above charge makes contributory negligence of the fellow servant an absolute bar to plaintiff's recovery, it is erroneous. So far as it makes negligence of the failure of plaintiff to see that the brakeman actually performed his duty, it is, in our opinion, erroneous in requiring of the plaintiff more than reasonable diligence in seeing that the duty was performed. A conductor's duty

under this rule calls him to all parts of a train, and it is in the nature of things impossible for him to be present at the station of each employe to see that the duties of each are performed, and the only reasonable construction of the rule is ˍthat he shall exercise proper care to that end.

We are of opinion that the general charge is unexceptionable.

The following special charge was asked by plaintiff and given: "The rules of the defendant require its employes to use great care when a train is parted, and require that engineer shall give a signal of such parting by three blasts of his whistle, and keep his train in motion.

"If you believe from the evidence that the engineer knew that the train had parted, and failed to give such signal, or failed to keep his train in motion, and that such failure on his part was negligence, and if you further find that such failure was the proximate cause of plaintiff's injuries, and that it was not a concurring cause with negligence of the defendant, if any, then you will find your verdict for defendant."

It is claimed that there was no testimony from which the jury could have found that the engineer did not know that the train had parted. The brakeman Smith testified that the engineer knew the train had parted, and stopped the engine until the detached cars were approaching, when he suddenly started the engine and caused the second break. Parks testified that Smith told him on the night of the accident that while the train was running, the engineer told him to go and see if the train was all right, and that when he got to the top of the first car he failed to see the light of the caboose; he then hallooed to the engineer that he thought the train was broken in two, as he could not see the caboose light, and to put on steam and pull out of danger; the engineer did so, and before going very far, the train broke in two again, and that the engineer did not stop the engine at all until after the second break. The above conflicting statements are all the testimony on the subject of the engineer knowing of the first break, and it admitted of a finding that he did not actually know of the original breaking.

It is also contended that the charge should not have left to the jury whether or not the violation of the rules by the engineer was negligence, and practically that the court should have instructed the jury that such an act was in itself negligence. It is a negligent act of the fellow servant causing the injury, which excuses the employer (Railway v. Johnson, 83 Texas, 633); and it is well settled by our decisions that it is only where the act is contrary to a statute (except in rare cases) that a court is warranted in saying that it constitutes negligence per se. Railway v. Greenlee, 76 Texas, 639, and numerous other cases. We cannot give a rule the force of a statute in this respect. It would place it within the power of a master to make that negligence which may not be negligence at all, by means of rules. We think the court was right in giving effect to a violation of the rule by a fellow servant, only if it involved negligence.

For the same reasons there was no error in refusing charge No. 1, asked by defendant.

We conclude that there were no errors in the submission of the case, and that the judgment of affirmance should stand.

Motion overruled.

Writ of error refused.                                              *Affirmed.*