(174 App. Div. 149)

## COOKE v. MAXWELL.

(Supreme Court, Appellate Division, Second Department.   October 6, 1916.)

MASTER AND SERVANT &#8656;121(1)—INJURY TO SERVANT—HEIGHT OF SCAFFOLD
    —STATUTES.

  Under Penal Law (Laws 1885, c. 314), now (Consol. Laws, c. 40), § 1276, making it a misdemeanor to negligently furnish unsuitable scaffolding which does not give proper protection to the employé, as amended by Laws 1891, c. 214, to require a safety rail, if any scaffolding or staging swung from an overhead support, shall be more than 20 feet from the ground, and Labor Law (Laws 1909, c. 36 [Consol. Laws, c. 31]) § 18, as amended by Laws 1911, c. 693, to provide that scaffolding swung from an overhead support more than 20 feet from the ground shall have a safety rail, a scaffold swung from the top of a 75-foot structure so that plaintiff and another could lower themselves along the wall as they worked downward in scraping off spots of concrete, etc., though hanging at a level of between 12 and 15 feet above the ground when the plaintiff fell therefrom, was within the requirement as to a safety rail.

  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 228; Dec. Dig. &#8656;121(1).]

Appeal from Trial Term, Kings County.

Action by Sherwood M. Cooke against Martin L. Maxwell.   Judgment for plaintiff, motion to set aside verdict and for a new trial denied, and defendant appeals.   Judgment and order affirmed.

Appeal from a judgment of the Supreme Court, entered November 23, 1915, in the Kings county clerk's office.   Plaintiff had worked for defendant as a painter on the outside wall of a five-story structure, about 75 feet high, being one of the buildings of the Sea View Hospital at New Dorp, Staten Island.   On January 20, 1914, a scaffold about 20 or 25 feet in length was swung from the top of the building by blocks and tackle so that plaintiff and his coworker could lower themselves along the north wall of the building as they worked downward, sandpapering iron work and scraping off spots of concrete, gradually dropping the scaffold until it hung at a level of between 12 and 15 feet above the ground.   Plaintiff then fell off the scaffold, sustaining severe injuries.   This scaffold had no safety rail.   The complaint averred this absence of a safety rail, as required by Labor Law, § 18.

Upon the trial, the court refused to instruct the jury to the effect that defendant was not required to maintain any guard rail, if at the time of the accident the scaffold was less than 20 feet from the ground; to which ruling defendant's counsel duly excepted.   There were left to the jury the issues of defendant's negligence and as to plaintiff's contributory negligence.   Plaintiff had a verdict of $3,000, which the court declined to set aside.

This appeal is from the judgment, also from the order denying a new trial.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

James F. Donnelly, of New York City, for appellant.

Ashley & Scott, of New York City (Andrew Foulds, Jr., and William F. Ashley, Jr., both of New York City, of counsel), for respondent.

&#8656;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PUTNAM, J. The risk to painters and others employed on the outside walls of buildings caused it to be made a misdemeanor to knowingly or negligently furnish and erect "such unsuitable or improper scaffolding, hoists, stays, ladders, or other mechanical contrivances as will not give proper protection to the life and limb of any person so employed or engaged." Laws of 1885, c. 314, now in Penal Law (Consol. Laws, c. 40) § 1276. An amendment was added requiring a safety rail, if "any such scaffolding or staging swung or suspended from an overhead support or supports shall be more than twenty feet from the ground or floor." Laws 1891, c. 214. In the Labor Law of 1897 this read:

"Scaffolding or staging swung or suspended from an overhead support, more than twenty feet from the ground or floor, shall have a safety rail of wood, properly bolted, secured and braced," etc. Laws 1897, c. 415, § 18.

This was retained in the revision of 1909 (Laws 1909, c. 36).

In 1911, the duty was enlarged to cover stationary scaffolds, so that the clause with the new insertions read:

"Scaffolding or staging swung or suspended from an overhead support, or erected with stationary supports, more than twenty feet from the ground or floor, except scaffolding wholly within the interior of a building and which covers the entire floor space of any room therein, shall have a safety rail of suitable material, properly bolted, secured and braced," etc. Laws 1911, c. 693.

Appellant contends that, although during the progress of this work this scaffold had been raised over 20 feet from the ground, defendant was not liable for the absence of a safety rail, if plaintiff's fall was less than 20 feet; that it is the fall and the scaffold's height at that moment that fixes the duty to provide such a guard rail.

Had this scaffold, hanging from an anchorage to this high cornice, been always maintained less than 20 feet from the ground, another question would be presented. But a swinging scaffold suspended at various levels, rising from the ground up to nearly 70 feet, must be within the compass of this statute. The object of a safety rail is to enable the workman to keep his balance so that when absorbed in his work he will not fall through inattention, or by the force of the wind. The courts by construction should not narrow the scope of such a needed protection.

The first subsection of section 7 of the English Workmen's Compensation Act of 1897 declares that it shall apply to employment "on, in or about any building which exceeds thirty feet in height, and is either being constructed or repaired by means of a scaffolding, or being demolished." It was argued that compensation should only go to workmen exposed to the risk of falling 30 feet, but the English decisions have applied the 30 feet to the height of the structure, not to that of the scaffold. Labatt, Master & Servant, p. 5513.

Even without a special guard-rail enactment, it has been held that a scaffold swinging 18 feet from the ground unprovided with a safety rail is an unsafe place. Kirby Lumber Co. v. Hamilton (Tex. Civ. App.) 171 S. W. 546. It would frustrate the legislative intent to hold here that, where the scaffold has been lowered during the progress of

the work from a dangerous height, an employer escapes all liability for such necessary protection the moment that scaffold passed below 20 feet from the ground.

The other exceptions taken in the course of the trial, including that to the charge, do not present error.

I advise to affirm the judgment and order, with costs. All concur.